# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| BRANDON MICHAEL DOUGLAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-CV-00154-NCC |
| BOB HOLDER, ZACK BOWLES, NICOLE GREEN, TAMMY FRAN, BRANDON PERKINS & JOHN DOE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Brandon Michael Douglas, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $17.36. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing information about his account for January and May of 2018. The remainder of the statement details his account during 2017, and is therefore irrelevant. According to the relevant information in the statement, plaintiff's average account balance is $86.78. The Court will therefore assess an initial partial filing fee of $17.36, which is twenty percent of plaintiff's average balance. Any claim that plaintiff is unable to pay this amount must be supported by an updated copy of plaintiff's institution account statement that details his inmate account for the six months immediately preceding the filing of the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. His allegations stem from a 2014 incident that occurred when he was incarcerated at the Dunklin County Justice Center. Plaintiff names as defendants Sheriff Bob Holder, police officer Zack Bowles, Jail Administrator Nicole Green, Tammy Fran, John Doe, and jail officer Brandon Perkins. He states he sues

Holder, Green, Perkins, and Bowles in an official and individual capacity.  He does not specify the capacity in which he sues Fran or Doe.

For his claims for relief, plaintiff alleges:

> I got assaulted by 6 inmates.  This happened in June or July of 2014.  This happened in G-Pod of the Dunklin County Jail.  I suffered head trauma, cracked ribs, bruised face and body.  Zach Bowles, Tammy Fran and John Doe placed me in a general population pod knowing that I was a sex offender, and they have a sex offender pod.  After I was assaulted, Bob Holder and Nicole Green allowed me to be put back in the same pod by Zack Bowles.  Then Brandon Perkins took me to the emergency room, and upon return Perkins then placed me back in the same pod.  And during this whole situation, I continually informed them why I was jumped and asked to be put in the sex offender pod.  They said they knew and that I would be all right, and I was then placed back in the same pod, in general population.

(Docket No. 1 at 4-5).  As relief, plaintiff states he wants his medical bills paid, and $250,000 for pain and suffering and punitive damages.

In June of 2015, plaintiff filed a complaint in this Court against Bob Holder and John Doe, stemming from these same allegations.  *See Douglas v. Holder, et al.,* No. 1:15-cv-113 SNLJ (E.D. Mo. 2015).  However, plaintiff's case was dismissed, without prejudice, due to his failure to correct pleading deficiencies after being given leave to do so.

### Discussion

Plaintiff states he sues Holder, Green, Perkins, and Bowles in an official and individual capacity.  He does not state the capacity in which he sues Fran or Doe.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  The Court must therefore construe the complaint as alleging only official-capacity clams against Fran and Doe.

-4-

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, which in this case appears to be a municipality. However, the complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). Therefore, the complaint fails to state a claim for relief against Fran or Doe, and it fails to state any official capacity claims against Holder, Green, Perkins and Bowles.

In addition, plaintiff simply alleges that Fran and Doe (and, at one point in the complaint, Bowles) placed him in a general population pod knowing that he was a sex offender. Plaintiff's theory of recovery here appears to be that anytime he, a sex offender, is placed in proximity to non-sex offenders, a claim of constitutional significance arises. This is not a viable theory of recovery. *See Warner v. Wiser*, 2017 WL 1404375, at *5 (W.D. Ark. Mar. 28, 2017), report and recommendation adopted, 2017 WL 1398344 (W.D. Ark. Apr. 18, 2017).

Plaintiff also alleges that, after he was assaulted, Holder and Green allowed Bowles to put plaintiff back in the same pod. Next, he alleges that Perkins took him to the emergency room and upon return, placed him in the same pod. Finally, he alleges that he "continually informed them" why he had been attacked and asked to be put in the sex offender pod, but "they" said he would be all right and then plaintiff "was placed back in the same pod, in general population." (Docket No. 1 at 4-5). It appears that plaintiff intends to set forth a failure-to-protect claim. To establish such a claim, a plaintiff must allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew

the inference, and (3) they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994).[1]

Here, while plaintiff's allegations seem serious, he does not specify who he "continually informed" about the risk of harm, nor does he allege any other facts from which each defendant's actual knowledge of the risk of harm can be inferred. It is also not clear who was actually responsible for returning him to the pod. It therefore cannot be said that plaintiff has stated a viable failure-to-protect claim against any defendant.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief, and it also requires each averment of a pleading to be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. For <u>each defendant</u>, plaintiff

---

[1] Because plaintiff was apparently a pretrial detainee at the time of the alleged incident, his allegations are analyzed under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment. However, because the Fourteenth Amendment gives pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions. *Jackson*, 756 F.3d at 1065, *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

must specify whether he intends to sue him or her in an individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the specific factual allegations supporting his claim against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $17.36. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 28th day of September, 2018.

                                                                                 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE