# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON MICHAEL DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-154-NCC |
| ) | |
| BOB HOLDER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon a letter addressed to the Clerk of the Court, filed by plaintiff Brandon Michael Douglas, an inmate at the Dunklin Count Justice Center. The Court construes the letter as a motion for reconsideration. For the following reasons, the motion will be denied.

### Background

Plaintiff Brandon Michael Douglas commenced this civil action on June 22, 2018. He sought and was granted leave to proceed *in forma pauperis*. It appeared that plaintiff was attempting to bring claims against six defendants based upon being housed with non-sex offenders. However, upon initial review, the Court determined the complaint was subject to dismissal because it failed to state a viable claim for relief against any of the named defendants. On September 28, 2018, the Court entered an order fully explaining why the complaint was subject to dismissal, and directing plaintiff to submit an amended complaint. The Court cautioned plaintiff that his failure to timely comply with the order would result in the dismissal of his case without further notice. Plaintiff's response was due on October 29, 2018. However,

plaintiff neither responded to the order, nor sought additional time to do so. Therefore, on November 8, 2018, the Court dismissed the case, without prejudice.

Plaintiff now avers that he did not receive the Court's November 8, 2018 orders until recently. He acknowledges that the Court instructed him to file an amended complaint. However, he states he wishes to bring the Clerk's attention to other civil rights violations being committed at the Dunklin County Justice Center. Briefly, he states that one Brandon Perkins has singled him out in cell searches and assaulted him, Nicole Green has placed him on lock down and also in the drunk tank, and unidentified persons refused to give him his account statement. Plaintiff does not mention being placed in a pod with non sex-offenders. Plaintiff avers that the Dunklin County Justice Center is a corrupt place, and that the people he sued are interfering with his mail and his life. He asks the Clerk to assist him in these matters.

## Discussion

Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence," and allow a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances," and allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996), *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

2

The Court has reviewed the motion, and will decline to alter or amend its prior judgment. The motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. The Court finds it concerning that plaintiff did not receive the prior orders in a timely manner. However, while plaintiff acknowledges that the Court instructed him to file an amended complaint, he makes no attempt to say that he would do so if the Court were to reconsider its November 8, 2018 orders. The Court notes that it dismissed plaintiff case without prejudice. This means that plaintiff can file a new civil action if he wishes. Nothing in this Memorandum and Order should be construed as precluding plaintiff from doing so.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 12) is **DENIED.**

Dated this 2nd day of January, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE